[No. 2521.]

JOHN LEWIS *v.* THE STATE.

1. OCCUPATION TAX.— Section 3 of an act entitled "An Act to amend Articles 4662, 4664, and 4665 of the Revised Statutes, adopted February 28, 1879" (see Acts 17 Legislature, p. 54), provides that an annual tax of fifty dollars shall be paid by commercial travelers, drummers, salesmen, or solicitors of trade, to the Comptroller of Public Accounts, whose receipt under seal shall be evidence of the payment of such tax; and it requires that before any orders are solicited or sales made in any county, the Comptroller's receipt for such occupation tax shall be filed in the office of the county clerk, and be by him recorded.

2. SAME—PENALTY.—In providing for a penalty the statute recites: "And every commercial traveler, drummer, salesman, or solicitor of trade, who shall solicit orders or make any sales in any county in this State without first having the receipt of the Comptroller for his occupation tax duly recorded as herein prescribed, shall be deemed guilty of a misdemeanor and fined in any sum not less than twenty-five nor more than one hundred dollars." *Held*, that the offense denounced by the statute is not the non-payment of the tax, but the failure to record the Comptroller's receipt in manner prescribed.

3. SAME.—INFORMATION that the defendant did follow "the occupation of solicitor of trade, and did solicit orders for the sale of tombstones, without first paying the Comptroller of the State of Texas the amount of occupation tax as solicitor of trade," etc., charges no violation of the said act, nor any offense within the purview of Article 110 of the Penal Code.

4. SAME—EVIDENCE—CASE STATED.—The offense in this case was alleged to have been committed on the —— day of June, 1881. The evidence shows that, if committed at all, it was committed on the —— day of August, 1881. The information was filed on the twentieth day of April, 1881, two months before the offense is charged to have been committed; and the proof shows an offense committed four months after the information was filed. *Held*, repugnancies fatal to the conviction, even if the information was sufficient.

APPEAL from the County Court of Bell. Tried below before the Hon. W. M. Minyard, County Judge.

The opinion discloses the entire case. The penalty imposed by a verdict of conviction was a fine of twenty-five dollars.

*Conn & Chalk*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant was tried and convicted upon an information brought under the third section of an act entitled "An act to amend Articles 4662, 4664 and 4665 of Chapter 1, Title 95, of the Revised Statutes, adopted February 28, 1879," and which said act provided for the levy and collection of taxes. (Acts 17th Legislature, Regular Session, p. 54.) The charge in the information was that defendant, on the —— day of June, 1881, did follow "the occupation of solicitor of trade, and did solicit orders for the sale of tombstones, without first paying the Comptroller of the State of Texas the amount of occupation tax as solicitor of trade the following of said occupation as solicitor of trade," etc. Evidently some word is omitted in the latter portion of this charge, as the sense is not clear as we find it written.

The statute under which the information was brought (third section, *supra*) provides that an annual tax of fifty dollars shall be paid by commercial travelers, drummers, salesmen or solicitors of trade, to the Comptroller of Public Accounts, whose receipt under seal shall be evidence of the payment of such tax; and it requires that before any orders are solicited or sales made in any county in this State, the Comptroller's receipt for the occupation tax shall be filed in the office of the county clerk and be by him recorded. In providing for a penalty the statute uses this language: "And every commercial traveler,

drummer, salesman, or solicitor of trade who shall solicit orders or make any sales in any county in this State without first having the receipt of the Comptroller for his occupation tax duly recorded as herein prescribed, shall be deemed guilty of a misdemeanor and fined in any sum not less than twenty-five nor more than one hundred dollars."

It is the failure to record the receipt before selling or soliciting orders which constitutes the offense. If the party had paid his tax, had complied with all the requirements of the law except recording his receipt, he could still be punished under this provision; and, on the other hand, if he had not paid the tax in fact, but had the Comptroller's receipt, and had had the same recorded, he could not be prosecuted and punished for failing to pay the Comptroller before he made the sale or solicited the order. His liability to punishment is not for failing to pay, but for failing to record his receipt.

If the information before us seeks to hold defendant liable under this statute (section 3), then it does not state or charge the offense provided for by the law. Under the facts in this case the prosecution does not come within the purview of section 110, Penal Code, for pursuing an occupation without first obtaining a license therefor, and the information evidently was not brought under, and would not be sufficient under, that statute.

There is another matter fatal to this conviction, and apparent from the evidence adduced on the trial. The offense is alleged to have been committed on the blank day of June, 1881; the proof showed that the offense, if any was committed, was committed on the —— day of August, 1881; and the information was filed on the twentieth day of April, 1881, two months before the offense is charged to have been committed; and the proof shows that the offense was committed four months after the information was filed.

But, because the information states no offense against the laws of the State, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered May 23, 1883.